UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FERNANDO A. ADAMS,

        Plaintiff,

v.

        Case No. 24-cv-365-pp

WI SCTF,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

---

On March 25, 2024, the plaintiff—who is representing himself—filed a complaint alleging that he had issued a "notice of acceptance" to the defendant, who had not responded within 20 days. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Because the court does not have subject-matter jurisdiction, it will dismiss the complaint without prejudice.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose their financial condition, and must do so truthfully under

1

penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit avers that he is not employed and not married. Dkt. No. 2 at 1. He avers that he receives $0 in monthly income, and that he has received no money from any other source in the last twelve months. Id. at 2. The plaintiff avers that he rents his residence but does not list a monthly rental amount. Id. He avers that he pays $1,434 in total monthly expenses ($400 child support, $329 credit card payments, $590 other household expenses and $115 water/sewage). Id. at 2-3. The plaintiff avers that he does not own a car, a home or any other property of value. Id. at 3-4. Finally, he avers that he has no cash on hand or in a checking or savings account. Id. at 3.

Based on the information in the plaintiff's affidavit, the court concludes that he does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without prepaying the filing fee. The court advises the plaintiff, however that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C.

§ 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

## II. Screening the Complaint

### A. Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). A complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. However, the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982).

Although courts grant their filings liberal construction, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair

3

notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Plaintiff's Allegations

In the caption of the complaint, in the field for "(Full name of defendant(s))," the plaintiff wrote,

> WI SCTF
> PO BOX 07914
> MILWAUKEE, WI 53207

Dkt. No. 1 at 1. The plaintiff does not explain what "WI SCTF" is or what it does. The court assumes that he is referring to the "Wisconsin Support Collections Trust Fund." WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES, *The Wisconsin Child Support Program*, https://dcf.wisconsin.gov/cs/home (last visited Aug. 16, 2024). The Wisconsin Support Collection Trust Fund "is a centralized operation responsible for processing all child support collections and performing activities relating to posting, adjusting, and issuing payments." https://dcf.wisconsin.gov/cs/roles.

The complaint says that on February 21, 2023, the plaintiff sent the defendant "a notice of acceptance (conditionally) of case numbers #4004PA002072, 4094PA127049, and 4096PA139389[.]" Dkt. No. 1 at 2. Neither the complaint nor the attached documents explain what these case numbers reference—whether they are court case numbers, child support account numbers, invoice numbers or something else. The complaint alleges that the defendant was "given 20 days to respond/rebut and provide documentary evidence to support their claim," but also alleges that the defendant was "given 30 days to comply with [the plaintiff's] Notice of Acceptance by answering/rebutting point by point each of [the plaintiff's] claims or in the alternative admit all claims verified therein." Id. at 2-3. The complaint alleges that, "[t]o date, [the plaintiff] has not received a completed response as required, from [the defendant]." Id. at 4. The complaint asserts that, "as an operation of law, respondents and its co-parties and/or officers has/have admitted to the statements and claims verified therein." Id. at 2. The complaint then directs the reader's attention to "attached exhibits A, B, C, D." Id.

"Exhibit A" appears to be the "notice of acceptance" referenced in the complaint. Dkt. No. 1-1 at 1-2. This document appears to have been prepared and sent by the plaintiff. Id. at 1. The document is directed to "WI SCTF" and says, "RE: Complaint on case # 4004PA002072, 4094PA127049, 4096PA139389[.]" Id. The plaintiff wrote that "[t]his constitutes official notice of my conditional acceptance to satisfy the alleged obligation upon proof of claim."

5

Id. The plaintiff also wrote, "this constitutes an Official Notice in accordance with the Fair Debt Collection Practices Act" and that he "hereby Dispute[s] the debt in the above referenced accounts." Id. The plaintiff further stated, "Please be advised that I have accepted your presentment to FERNANDO A. ADAMS for assessed value and am returning it to you in exchange for closure and settlement of account #'s 4004PA002072, 4094PA127049, 4096PA139389." Id. The plaintiff said, "This discovery process has been presented under Notarial Seal for the purpose of certifying the admissions, confessions, and stipulations of the Parties, to create a public record thereof, via the issue and filing of an Administrative Declaratory Judgement, by Notarial Protest." Id. He advised the defendant to take note that the "discovery process" had been "served under valid Notarial Seal and valid subpoena establishing [the defendant's] mandatory obligation to timely respond and/or rebut the following, point for point and line by line, verified true, correct and complete, signed, sworn to and notarized in affidavit form and provide proof of claim(2) of alleged accounts." Id. He then asked the defendant to "[p]lease respond and/or rebut the following within ten (10) days, point for point and line by line, in affidavit form, and or provide documentary evidence to support your claim(s) within twenty (20) additional days." Id. The plaintiff concluded the document by saying:

> Your refusal to send the confirmation or notice of dishonor will in no way negate this settlement, and will be your agreement that you and your agency have no capacity to pursue collection, further collection efforts confirm your agreement that you and your agency, collectively and severally owe FERNANDO A. ADAMS 116,496.00, and that FERNANDO A. ADAMS may take all necessary steps to secure its claim to the debt owed to it and to collect.

Id. at 2. The plaintiff's other exhibits—exhibits B, C, D and E—assert that the defendant failed to respond to the plaintiff's "notice of acceptance." Id. at 3-13.

For relief, the plaintiff asserts that he "is entitled to the return of all funds paid by [him] between the years 1994-2023 where [he] paid periodic weekly and/or monthly payments, plus all late fees and interest fraudulently charged." Dkt. No. 1 at 5. He contends that the defendant "was given the opportunity to simply return the original claim and merge the accounts payable and accounts receivable as remedy but has failed to comply." Id. He says that "the monetary values of said claims shall be included in the accounting and true bill in the amount of $116,496.00 sum certain for actual cost funds." Id.

C. Analysis

Wisconsin law requires that "[a]ll orders or judgments providing for temporary or permanent maintenance, child support, or family support payments shall direct that the payments be made to the department or its designee for the use of the person for whom the payments have been awarded." Wis. Stat. §767.57(1)(a). The "department" referenced in the statute is Wisconsin's Department of Children and Families. Wis. Stat. §767.001(1d). The Wisconsin Support Collections Trust Fund is the Department of Children and Families' "payment processing center," and "[a]ll payments must go through the Trust Fund to be properly credited" to a parent's child support order. https://dcf.wisconsin.gov/cs/ncp/pay.

Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the

7

amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff has not asserted that the court has diversity jurisdiction under §1332, but the court has an independent obligation to determine whether the parties are "diverse." Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). For a federal court to have diversity jurisdiction, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under §1332." Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071-72 (E.D. Wis. 2001) (citing Vandervest v. Wis. Central, Ltd., 936 F. Supp. 601, 603 (E.D. Wis. 1996), and other cases).

The court does not have diversity jurisdiction. The plaintiff lists his address as Milwaukee, Wisconsin. Dkt. No. 1 at 1. He lists a P.O. box in Milwaukee as the address for the WI SCTF. On the face of the complaint, both the plaintiff and the defendant are Wisconsin residents. The court concedes

that the plaintiff likely has sued the wrong defendant.[1] WI SCTF is just a payment processing center; the State Bureau of Child support oversees the private contract vendor that operates it. https://dcf.wisconsin.gov/cs/roles. It collects payments ordered by Wisconsin courts, such as the Milwaukee County Circuit Court. And it falls within the network of state, local and private entities—county child support agencies, the State Bureau of Child Support, the courts, the Wisconsin Department of Children and Families—that make up Wisconsin's child support system. Whichever of these agencies is the correct defendant, however, that agency is in Wisconsin. Because the plaintiff is a Wisconsin resident and his dispute involves a Wisconsin agency, he and the defendant (the one he has sued or the one he should have sued) are in the same state.

On page 5 of the complaint form, the plaintiff marked the box next to "I am suing for a violation of federal law under 28 U.S.C. §1331."[2] Dkt. No. 1 at 5. But the plaintiff has not identified a federal law or constitutional provision that

---

[1] If, as the court suspects, the proper defendant is one of the local or state child support agencies, the court likely does not have jurisdiction for another reason. "[W]hen an 'arm of the state' is a party to a lawsuit, 'a federal court cannot exercise jurisdiction under §1332, regardless of the citizenship of the other parties.'" Wisconsin Dep't of Health Serv. v. Payne, Case No. 23-cv-899, 2023 WL 6130126, at *2 (E.D. Wis. Sept. 19, 2023) (quoting Bryant v. Stryker Corp., Case No. 12-cv-593, 2012 WL 5828749, at *2 (W.D. Wis. Nov. 16, 2012) (citing Ind. Port Comm'n v. Bethlehem Steel Corp., 702 F.2d 107, 109 (7th Cir. 1993); Adden v. Middlebrooks, 688 F.2d 1147, 1150 (7th Cir. 1982)).

[2] 28 U.S.C. §1331 says, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

he believes the defendant has violated. He asserts that the defendant was "required" to respond to his "notice of acceptance," dkt. no. 1 at 4, but the complaint does not identify any federal law that required the defendant to do so. The "notice of acceptance" says that it constitutes "an Official Notice in accordance with the Fair Debt Collection Practices Act" and that the plaintiff "disputes the debt." Dkt. No. 1-1 at 1. Perhaps the plaintiff believes that he is suing for a violation of the FDCPA.

But "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises questions of federal law." Payne, 2023 WL 6130126 at *2 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). The complaint is abstruse—perhaps deliberately—and it makes no mention of the FDCPA. The only conclusion one can draw from the allegations in the complaint is that the plaintiff is trying to dispute that he owes maintenance/child/family support, or that he is in arrears on that support. The FDCPA defines debt as "any obligation or alleged obligation of a *consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for person, family, or household purposes . . . ." 15 U.S.C. §1692a(5). Court-ordered maintenance/child/family support is not a consumer debt resulting from a consumer transaction. The plaintiff cannot dispute the amount of state-court-ordered maintenance/child/family support he owes through the FDCPA.

Because the court has neither diversity nor federal question jurisdiction, it does not have subject-matter jurisdiction over the plaintiff's dispute about

whether he owes Wisconsin maintenance/child/family support. "If the plaintiff disagrees with the amount of child support owed or the efforts to collect any past due balance, he must pursue relief through the state court system or the appropriate state agencies." Cords v. Wis. State Attorney General, Case No. 13-cv-469, 2013 WL 3974060, at *2 (W.D. Wis. Aug. 2, 2013). This federal court does not have subject-matter jurisdiction over his dispute.

Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Amendment would be futile because the court does not have jurisdiction over the plaintiff's dispute over his state-court ordered maintenance/child/family support.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this

deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of August, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

12

Case 2:24-cv-00365-PP    Filed 08/20/24    Page 12 of 12    Document 4